Dear Mr. Tubb:
This office is in receipt of your opinion request under letters dated August 17 and August 25, 1993 directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for resolution.
Your inquiry may be restated as follows:
 May the Sheriff of Ouachita Parish utilize the proceeds from the ad valorem tax millage, levied under the authority of an election held on October 17, 1981 under which that certain proposition attached hereto as "Exhibit A" was approved by the electorate of Ouachita Parish, for the construction and/or maintenance and operation of a jail in Ouachita Parish?
The legislature has expressed its intent to authorize the sheriff, through the law enforcement district, to provide for adequate jail facilities. LSA-R.S. 33:9010(D)(1)(a) states:
 Each district is authorized to issue revenue bonds in order to obtain funds to acquire, construct, reconstruct, renovate, improve, replace, maintain, repair, extend, enlarge, lease, as lessee or lessor, purchase, or equip such immovable or movable property, including but not limited to jails, administration or office buildings, maintenance, storage or utility facilities, or any other facility, building, structure, equipment, or furnishings which may be of use or benefit to the district or to the applicable sheriff. (Emphasis added).
As noted, a law enforcement district is authorized to expend public funds to acquire, construct, and maintain a jail facility. Further legislative intent to empower the sheriff to make provision for a jail facility is found within LSA-R.S.33:1422. That statute provides for expenditures to be made from the sheriff's salary fund and states in part:
 Notwithstanding the provisions of R.S. 33:4713, a sheriff and ex officio tax collector may purchase and equip such real property as is necessary in the performance of his duties, including but not limited to an adequate and safe jail. The ownership of such real property shall be vested in the parish law enforcement district. LSA-R.S. 33:1422(D); (Emphasis added).
The proposition in question states that the tax was levied "for the purpose of providing funding for the district, said tax to be in addition to the tax now authorized by law to be levied for said purpose". The appropriate use of funding for the law enforcement district encompasses providing for those expenses permissible under state law, as found in LSA-R.S. 33:1422. The statute permits the sheriff to pay from the sheriff's salary fund all expenses authorized by law which are incurred in the performance of his duties. The statute further specifically authorizes the sheriff to make an expenditure from this fund for the purpose of providing for an adequate and safe jail. In the opinion of this office, the use of the monies collected by virtue of this proposition "for the purpose of funding for the district" can permissibly include an expenditure of the tax revenues for the expense of a jail facility.
We discount as inapplicable two grounds for objection to the expenditure of these monies for the construction, operation, and maintenance of a jail. First, this office has previously rendered opinions stating that "if a surplus is accumulated despite efforts not to do so, . . . a pro rata return of the surplus tax proceeds should be made to the taxpayers when practicable". Attorney General Opinion 89-444. The minutes from the August 9, 1993 Ouachita Parish Policy Jury meeting refer to "surpluses created by the imposition of an ad valorem tax". Minutes, page 9. However, this office is of the opinion that there is no "surplus" available where the sheriff still has outstanding "expenses authorized by law", as in this instance, the expense of providing for an adequate jail facility.
Second, tax revenues obtained from a special tax must be used for no other purpose than that stated in the proposition submitted to and approved by the electorate. Watkins v. Ouachita Parish School Board, 173 La. 259, 136 So. 591 (1931); Hodnett v. Monroe City School Board, 270 So.2d 598 (La.App. 2d. Cir. 1972); see also LSA-R.S. 39:704, which provides that the "proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied." This office is of the opinion that the use of the revenues from this proposition for the construction, operation and maintenance of a jail facility accomplishes the purpose of the proposition — to provide funding for those expenses allowable under state law.
Should you have further inquiries in which this office may be of assistance, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0283E